[Cite as *State v. Beckwith*, 2013-Ohio-1739.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2012-A-0051** |
| - vs - | : | |
| BENJAMIN L. BECKWITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 12 CR 222.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Marie Lane*, Ashtabula County Public Defender, Inc., 4817 State Road, #202, Ashtabula, OH 44004-6927 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Benjamin L. Beckwith, appeals from the October 3, 2012 judgment of the Ashtabula County Court of Common Pleas, sentencing him for illegal manufacture of drugs.

{¶2} On May 11, 2012, the Ashtabula County Grand Jury indicted appellant in Case No. 12 CR 222 on three counts: count one, illegal manufacture of methamphetamine, a felony of the second degree, in violation of R.C. 2925.04(A) and

(C)(3)(a); count two, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041(A); and count three, aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A). Appellant pleaded not guilty to all charges at his arraignment.

{¶3} Thereafter, on August 10, 2012, appellant withdrew his former not guilty plea and pleaded guilty to one count of illegal manufacture of drugs, a second degree felony. The trial court accepted appellant's guilty plea, dismissed the remaining charges, and deferred sentencing.

{¶4} On October 3, 2012, the court sentenced appellant to a three year mandatory term of incarceration, with 146 days of credit for time already served. The court ordered appellant to serve his sentence concurrently with a sentence imposed in Case No. 12 CR 220 for theft, and consecutively to a sentence imposed in Case No. 12 CR 254 for illegal manufacture of drugs. The court also notified appellant that his sentence is subject to a three year period of post-release control. Appellant filed a timely appeal and asserts the following assignment of error for our review:

{¶5} "The trial court committed error when it ordered consecutive sentences without stating the requisite findings on the record."

{¶6} In his sole assignment of error, appellant argues that the trial court failed to make the findings necessary to sentence him to consecutive sentences under R.C. 2929.14.

{¶7} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Ohio Supreme Court set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in

2

imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶8} We note that H.B. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. As appellant was sentenced on October 3, 2012, the new provisions apply.

{¶9} R.C. 2929.14(C)(4) states:

{¶10} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

3

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶13}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶14}** In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice*, (2009) 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge*, (2010) [128] Ohio St.3d [1], slip opinion no. 2010-Ohio-6320, * * *." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *Foster*.

**{¶15}** Although H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence. *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶57-58. When making findings regarding consecutive sentencing, "'a verbatim recitation of the statutory language is not required by the trial court.'" *Id.* at ¶ 60, quoting *State v. Green*, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268, ¶ 26, citing *State v. Grissom*, 11th Dist. No. 2001-L-107, 2002-Ohio-5154, ¶ 21.

**{¶16}** At the sentencing hearing, the court stated the following with regard to consecutive sentences:

**{¶17}** "So although the defendant doesn't have a serious past record, and the Court notes he's 22 years of age so he's only had four years as an adult, but to have four felony matters pending here at the same time is very unusual, have that many major offenses against the same person.

**{¶18}** "* * *

**{¶19}** "On the recidivism factors the Court finds recidivism is likely based on the two felony convictions of recent time frame and the two that are pending before me. So the Court finds that recidivism is likely."

**{¶20}** "* * *

**{¶21}** "The Court's again reviewed the Presentence Investigation Report. The defendant, obviously, as I think it was stated earlier, there was a warrant out for him. Actually at the defendant's home they found meth labs. The Court was shown some photographs in the presence of defense counsel. Impressed the Court. There was more than just a two-liter bottle there full of drugs. There was other equipment and, you know, it's been stated here that there were others involved, too; and you know, when you're making meth, I can't sit here and believe you're using all that meth yourself. You're disbursing that. You're getting other people involved in this; and other people have families just like you do, and they're going to wind up in court, and they're, they're concerned about their loved ones.

**{¶22}** "But you know, Mr. Beckwith, you had a wonderful opportunity when you were approved for Drug Court, as stated earlier, and you never showed up for the Drug Court.

**{¶23}** "You know, this Court only has so many tools, and when we run out of the treatment tools, which the State has pretty much run out of because you're not interested in treatment, there's nothing left for us except to incarcerate you.

**{¶24}** "The meth and the heroin I see in the Presentence Report, according to the information, over your lifetime you've admitted to using methamphetamine, heroin, cocaine, marijuana, and a variety of pain pills. You've tried it all.

**{¶25}** "And you know, my experience with people that have a drug addiction as serious as yours is, it's going to be a lifetime effort for you to maintain control of that. You're going to have urges for drugs for the rest of your life. If I were to let you out of jail today, I would bet within a couple of days' time you'd be right back in and having a high.

**{¶26}** "* * *

**{¶27}** "In your case the Court's looked at the recidivism factors on the drug charge, and you know, without some treatment or incarceration, recidivism isn't only likely, it's guaranteed in your case.

**{¶28}** "Under the seriousness factors, the Court finds that the more serious factors would apply. * * *

**{¶29}** "* * *

**{¶30}** "But, you know, you're 22 years old now. You're an adult. You're a man. You got to do more than just run around, make drugs and feel good all the time. You

got some responsibilities: #1.) to support yourself; and #2.) to help your family. And you're never gonna do that unless we get you off the drugs, and a short sentence isn't going to get you off the drugs.

{¶31} "* * *

{¶32} "But I think in this case obviously community - - well, community control is not in the picture because there's a mandatory sentence. But even if it were, it would demean the seriousness of your conduct, wouldn't adequately protect the public from future crime.

{¶33} "Considering the seriousness factors, which the Court finds to override the less serious, the recidivism factors which are likely, and the purposes and principles of the sentencing statutes, the Court finds that a prison sentence is not only mandated by the law but is required in this case.

{¶34} "So it is the judgment and sentence of the Court, I'm going to give you the minimum sentence mainly because I'm going to make it consecutive to the other minimum you've got in the other case; so although you've got two convictions, you're gonna get a medium-range sentence when it's all said and done.

{¶35} "But it is the judgment and sentence of the Court that you serve a three-year mandatory sentence on this case for conviction of Illegal Manufacturing of Drugs, a felony of the second degree.

{¶36} "I'm gonna order that this sentence be served consecutive to [Case No.] 12-CR-254; and I'm gonna order it be served concurrently with Case Number 12-CR-220. * * *"

7

{¶37} In addition, the trial court stated in its judgment entry that it "considered the record, oral statements, any victim impact statement and Pre-sentence Investigation Report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, has balanced the seriousness and recidivism factors under R.C. 2929.12, and has considered the factors under R.C. 2929.13.

{¶38} Although the trial court may not have used the exact wording of R.C. 2929.14(C)(4) in reaching its findings regarding consecutive sentencing, "'a verbatim recitation of the statutory language is not required.'" *Frasca, supra,* at ¶60. The statements made by the court at sentencing establish that consecutive sentences are necessary to protect the public from future crime or to punish appellant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. The court's statements also reveal that appellant's criminal history, although brief, demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant. Thus, the record establishes that the trial court considered and made the appropriate factual findings pursuant to R.C. 2929.14(C)(4).

{¶39} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

8