[Cite as *State v. Koeser*, 2013-Ohio-5838.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0041** |
| MARGO M. KOESER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0150.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Patricia J. Smith,* 9442 State Route 43, Streetsboro, OH 44241 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Margo M. Koeser, appeals her sentence following her guilty plea to illegal manufacture of marijuana, illegal manufacture of psilocin mushrooms, and endangering children. At issue is whether the trial court made the necessary findings to support appellant's consecutive sentences. For the reasons that follow, we affirm.

{¶2} Appellant was indicted in an eight-count indictment charging her with illegal manufacture of marijuana, a felony of the second degree (Count One); illegal

manufacture of psilocin mushrooms (a Schedule I Controlled Substance) in the vicinity of a juvenile, a felony of the first degree (Count Two); trafficking in marijuana, a felony of the second degree (Count Three); aggravated trafficking in psilocin mushrooms, a felony of the third degree (Count Four); possession of marijuana, a felony of the third degree (Count Five); aggravated possession of psilocin mushrooms, a felony of the fifth degree (Count Six); possessing criminal tools, a felony of the fifth degree (Count Seven); and endangering children, a felony of the third degree (Count Eight).

{¶3} Appellant pled not guilty. The statement of facts that follows is derived from the police report summarized in the pre-sentence report and the prosecutor's comments at sentencing. Between December 2011 and February 2012, the Portage County Drug Task Force and the Department of Job and Family Services received information that appellant and her live-in boyfriend were engaging in illegal drug activity in appellant's residence in Hiram, Ohio in the presence of her four-year-old daughter.

{¶4} On December 27, 2011, a Job and Family Services caseworker made an unannounced visit to appellant's residence and detected an overwhelming odor of marijuana coming from the residence. The caseworker called a Task Force detective requesting assistance as appellant and her boyfriend were being uncooperative. Upon the detective's arrival, appellant and her boyfriend denied him access to the house and said he would need a search warrant to enter.

{¶5} On February 3, 2012, an informant advised the Task Force that he had lived in the garage on appellant's property for six months between July 2011 and January 2012, and that appellant and her boyfriend were cultivating marijuana at the residence. The informant said that in November 2011, he purchased one-half pound of

2

marijuana from appellant's boyfriend for $1,200. The informant said he moved out in January 2012, and at that time appellant and her boyfriend were still growing marijuana.

{¶6} The Task Force obtained a search warrant and executed it on February 15, 2012. Upon entry into appellant's residence, the investigators found appellant, her boyfriend, and appellant's child. Appellant was argumentative, uncooperative, volatile, and disrespectful to the officers. Investigators found a psilocin mushroom cultivation operation in appellant's garage and a marijuana cultivation operation in her basement. A hole had been cut into the basement ceiling allowing access into the child's bedroom so the drug operation could be pursued without having to use the outside entrance, which had been boarded up to conceal the drug activity. The interior of the house was in deplorable condition with rotten food and a large amount of psilocin mushrooms in the kitchen. The officers seized 14 mature marijuana plants. They also seized 22 psilocin mushrooms that were set out for drying. The amount of marijuana and psilocin mushrooms collected was so large it filled a bus that was brought to the property to remove the contraband. The officers also seized a large amount of drug paraphernalia, including fans, electric lights, mason jars containing psilocin mushroom spores, and growing equipment used in the cultivation process. Appellant and her companion were arrested and the child was placed in the custody of Job and Family Services.

{¶7} Appellant subsequently pled guilty to Count One, illegal manufacture of marijuana, a felony of the second degree; amended Count Two, illegal manufacture of psilocin mushrooms, a felony of the second degree; and Count Eight, endangering children, a felony of the third degree.

{¶8}   The trial court referred the matter for a presentence report.  Subsequently, the trial court held a sentencing hearing. Appellant was previously convicted of obstructing official business in 1997, operating a vehicle under the influence of alcohol in 1998, felony attempted assault on a police officer in 1999, and criminal mischief in 2012.   The trial court stated in its judgment entry that it considered the evidence presented by counsel and the pre-sentence report, which was made part of the record. The court made findings concerning the seriousness of appellant's conduct, and sentenced her to two years in prison on each count, each term to be served consecutively to the other, for a total of six years.

{¶9}   Appellant appeals her sentence, asserting the following for her sole assignment of error:

{¶10} "The trial court erred when it imposed consecutive sentences without making the required findings pursuant to R.C. 2929.14."

{¶11} Appellant argues the trial court failed to make certain factual findings necessary to sentence her to consecutive sentences under the newly amended R.C. 2929.14(C)(4).  In contrast, the state argues the trial court's findings on the record at sentencing satisfied the requirement for findings in R.C. 2929.14(C)(4).

{¶12} Appellant argues the pertinent standard of review is the two-step approach in reviewing felony sentences set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. Under the first prong, appellate courts "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law."  *Id.* "If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed

4

under the abuse-of-discretion standard." *Id.* After the enactment of H.B. 86, which requires judicial fact-finding for consecutive sentencing, this court has continued to follow the standard of review of criminal sentences set forth in *Kalish. E.g. State v. Frasca*, 11th Dist. Trumbull No. 2011-T-0108, 2012-Ohio-3746, ¶48; *State v. Beckwith*, 11th Dist. Ashtabula No. 2012-A-0051, 2013-Ohio-1739, ¶7. The trial court's failure to make statutorily-required findings before imposing a particular sentence is contrary to law. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶12.

{¶13} As a preliminary matter, we note that H.B. 86 became effective on September 30, 2011. Appellant was sentenced on April 5, 2013. Thus, the new provisions apply to this case. *Beckwith*, *supra*, at ¶8.

{¶14} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio struck down former R.C. 2929.14(E)(4), which governed the imposition of consecutive sentences, as unconstitutional because it required judicial fact-finding. *Id.* at paragraph three of the syllabus. However, the basis for this part of *Foster's* holding was undercut by the United States Supreme Court's later decision in *Oregon v. Ice*, 555 U.S. 160 (2009). In *Ice*, the Supreme Court held the Sixth Amendment does not preclude states from authorizing courts to make findings of fact before imposing consecutive sentences. *Id.* at 169. Thereafter, the Ohio Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, held, "[a]fter *Ice*, it is now settled law that * * * the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." *Id.* at ¶19.

**{¶15}** However, the Supreme Court in *Hodge* held that *Ice* did not revive the former consecutive sentencing statutory provisions held unconstitutional in *Foster. Hodge*, at paragraph two of the syllabus*.* Further, the Supreme Court in *Hodge* held that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Id.* at paragraph three of the syllabus.

**{¶16}** Subsequent to *Hodge*, H.B. 86 re-enacted the consecutive sentencing provisions of former R.C. 2929.14(E)(4), once again requiring judicial fact-finding for consecutive sentences. These provisions, which have been renumbered as R.C. 2929.14(C)(4), authorize the trial court to impose consecutive sentences on an offender upon conviction of multiple offenses.

**{¶17}** Pursuant to R.C. 2929.14(C)(4), consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender *and* that (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find one of the following three factors:

**{¶18}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense[;]

**{¶19}** (b) *At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual*

6

*that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct*[; or]

{¶20} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)

{¶21} Subsequent to this amendment in the consecutive sentencing law, Ohio Appellate Districts have held that R.C. 2929.14(C)(4) requires trial courts to make the foregoing findings when imposing consecutive sentences. *State v. Stalnaker*, 11th Dist. Lake No. 2011-L-151, 2012-Ohio-3028, ¶15 ("H.B. 86, effective September 30, 2011, * * * amends R.C. 2929.14 and requires fact finding for consecutive sentences.").

{¶22} While the requirement that fact finding occur was re-enacted by H.B. 86, the requirement that a sentencing court give reasons for imposing consecutive sentences, which existed under former R.C. 2929.19(B)(2), was not re-enacted. *Frasca*, *supra*, ¶57. Thus, a sentencing court is not statutorily required to give reasons for a consecutive sentence. *Id.*; *Beckwith*, *supra*, at ¶15. "[I]t is arguably easier to impose consecutive sentences today than it was under former R.C. 2929.14(E)(4) because the revived version did away with the requirement that the court justify its findings by giving reasons for making those findings." *Venes*, *supra*, at ¶16.

{¶23} Further, when making findings regarding consecutive sentencing, "a verbatim recitation of the statutory language is not required by the trial court." *State v. Green*, 11th Dist. Ashtabula No. 2003-A-0089, 2005-Ohio-3268, ¶26, citing *State v. Grissom*, 11th Dist. Lake No. 2001-L-107, 2002-Ohio-5154, ¶ 21. The trial court is not required to use "magic words" in order to satisfy its obligation to make findings before

7

imposing consecutive sentences. *Venes*, *supra*, at ¶13. It is sufficient if the trial court makes statements during the sentencing hearing showing that the decision to impose consecutive prison terms was predicated upon R.C. 2929.14(C)(4). *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶92, 94.

{¶24} Turning now to the instant case, we determine whether the trial court made the factual findings required by R.C. 2929.14(C)(4) before imposing appellant's consecutive sentence.

{¶25} First, there is no dispute that the trial court complied with R.C. 2929.14(C)(4) in finding in the sentencing entry that "the consecutive sentence is necessary to protect the public from future crime or to punish [appellant]; that consecutive sentences are not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public."

{¶26} With respect to the additional requirement that the court find one of the three alternative factors in R.C. 2929.14(C)(4)(a)-(c) applies, appellant argues the trial court failed to make a finding as to which of the three factors applies and, therefore, the sentence must be vacated and this case must be remanded for a new sentencing. In opposition, the state argues the trial court made findings on the record sufficient to satisfy the second alternative factor in R.C. 2929.14(C)(4)(b).

{¶27} Under R.C. 2929.14(C)(4)(b), the court was required to make two findings. First, the court was required to find that at least two of the offenses were committed as part of a course of conduct. The trial court found that appellant had pled guilty to three counts: illegal manufacture of marijuana, illegal manufacture of psilocin mushrooms, and endangering children, each of which was committed on February 15, 2012, at

8

appellant's residence. Moreover, the trial court found that appellant was involved in the manufacture of a "bus load" of marijuana and psilocin mushrooms at that time and that this activity occurred in the presence of appellant's child. Thus, the trial court in effect found these three offenses were committed as part of a course of conduct.

{¶28} Second, the trial court was required to find that the harm caused by two or more of the offenses was so great or unusual that no one prison term for any of the offenses adequately reflects the seriousness of appellant's conduct. The trial court found that appellant's involvement in these crimes "[p]ut her daughter in danger." The court also found:

{¶29} I'm amazed that the Prosecutor is only recommending six years * * *. I think there has to be a clear message sent that this is not going to be tolerated, especially around children this cannot be tolerated. You cannot tell me that a normal person would feel that a bus load of mushrooms and pot would be a minor misdemeanor, or a misdemeanor offense, or something less than that.

{¶30} The trial court could have sentenced appellant up to eight years on either manufacturing count. Instead, the court sentenced her to two years on three counts, each to be served consecutively to the other, for a total of six years. The actual prison time imposed was thus in the mid-range for one manufacturing offense. However, the court found that appellant's involvement in drugs on the scale involved here in the presence of her child required the court to send a message that appellant's conduct would not be tolerated. The court thus found the harm appellant caused was so great, no one sentence was adequate to address the seriousness of her conduct.

9

{¶31} In fact, the record shows the harm caused by appellant's crimes was two-fold. First, the cultivation and sale of large amounts of marijuana and psilocin mushrooms at appellant's residence exposed her child and the public to the well-known dangers associated with drug trafficking. Second, the record shows that fumes from marijuana emanating from the house were "overwhelming" and that appellant exposed her child to this health risk on a daily basis over an extended period of time.

{¶32} The court's findings thus establish that at least two of the offenses to which appellant pled guilty were committed as part of a course of conduct and the harm caused by these offenses was so great or unusual that no one prison term adequately reflected the seriousness of appellant's conduct. Although the court may not have used the exact language of R.C. 2929.14(C)(4)(b), its findings were sufficient to support the applicability of this factor. As noted above, in making its findings regarding consecutive sentencing, "'a verbatim recitation of the statutory language is not required.'" *Frasca*, *supra*, at ¶60, quoting *Green*, *supra*, at ¶26.

{¶33} We therefore hold the trial court's judgment was not contrary to law.

{¶34} For the reasons stated in the opinion of this court, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

10

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶35}** Finding merit in appellant's assignment of error, I would reverse and remand for resentencing, and require the trial court to state its findings pursuant to R.C. 2929.14(C)(4) on the record. I find the opinion of the Eighth District in *Venes, supra*, persuasive:

**{¶36}** "When a statute directs a court to make findings before imposing a particular sentence, a failure to make those findings is 'contrary to law.' *See State v. Jones,* 93 Ohio St.3d 391, 399, * * * [(2001)]. The question is what constitutes sufficient findings under R.C. 2929.14(C)(4).

**{¶37}** "We have never held that the court has to state its findings word-for-word as set forth in R.C. 2929.14(C). Hence, the court need not use 'magic' words in order to satisfy its obligation to make specific findings before imposing consecutive sentences. *See, e.g., State v. White,* 135 Ohio App.3d 481, 486, * * * (8th Dist.1999).

**{¶38}** "But not requiring slavish adherence to the specific wording of the statute is not the same as relieving the court of the duty to make the required 'findings.' *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 23. R.C. 2929.14(C)(4) requires the court to make specific 'findings.' In the past, we have found those findings can be implicit in context when the court's statements during sentencing are intended to encompass the relevant provisions of the sentencing statutes. *State v. Moore,* 8th Dist. No. 84911, 2005-Ohio-4164, at ¶ 7. But in doing so, we have arguably frustrated the purposes underlying the requirement for findings as a predicate for ordering consecutive sentences.

11

**{¶39}** "The supreme court has recognized that 'Ohio appears to be unique in having a rule that sentences of imprisonment shall be served concurrently.' [*State v.*] *Foster* [, 109 Ohio St.3d 1, 2006-Ohio-856] at ¶ 66. The imposition of consecutive sentences in Ohio is thus an exception to the rule that sentences should be served concurrently. And there is no doubt that the provisions of H.B. 86, like those of S.B. 2 before it, were intended, among other things, to alleviate overcrowding in the prison system. *See* R.C. 181.24 (creating criminal sentencing commission to design sentencing structure 'to assist in the management of prison overcrowding and correctional resources').

**{¶40}** "By imposing a requirement that the trial judge make specific findings before ordering sentences to be served consecutively, the General Assembly toughened the standard for consecutive sentences. However, the revived consecutive sentencing statute codified in R.C. 2929.14(C)(4) does not place a heavy burden on a trial judge. Indeed, it is arguably easier to impose consecutive sentences today than it was under former R.C. 2929.14(E)(4) because the revived version did away with the requirement that the court justify its findings by giving reasons for making those findings. *See State v. Goins,* 8th Dist. No. 98256, 2013-Ohio-263; *State v. Blackburn*, 8th Dist. Nos. 97811 and 97812, 2012-Ohio-4590*,* ¶ 35.

**{¶41}** "Because the statute so clearly requires specific findings for the imposition of consecutive sentences, those findings must be entered at the time the court orders sentences to be served consecutively. What we mean by this is that regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires *separate and distinct* findings

in addition to any findings relating to purposes and goals of criminal sentencing. Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings. This case is a good example: the state referenced 'findings' on pages 64, 76, 78, 80, and 83 of the transcript in support of consecutive sentences. This alone is proof that the court did not make separate and distinct findings on the record relative to the imposition of consecutive sentences. If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage ( ) in the required analysis and select ( ) the appropriate statutory criteria' before ordering sentences to be served consecutively. *State v. Edmonson*, 86 Ohio St.3d 324, 326, * * *[(1999)]. Only then will the imposition of consecutive sentences not be contrary to law." (Emphasis sic.) (Parallel citations omitted.) *Venes*, *supra*, at ¶12-17.

{¶42} In this case, the majority infers the trial court made the findings required by R.C. 2929.14(C)(4) by piecing together statements made at sentencing – the exact procedure frowned upon in *Venes*. Further, as the Second District recently observed, when a reviewing court is required to infer the R.C. 2929.14(C)(4) factors from the record, it may be impossible to distinguish them from (for instance) the seriousness and recidivism factors, R.C. 2929.12. *State v. Cade*, 2d Dist. Clark No. 2012-CA-72, 2013-Ohio-5162, ¶12.

{¶43} While "magic language" is not required, I do believe that the trial court's findings regarding the R.C. 2929.14(C)(4) factors must be distinct and explicit, not something inferred from the record.

{¶44} I respectfully dissent.

13