[Cite as *State v. Householder*, 2014-Ohio-2455.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0092** |
| GEOFF M. HOUSEHOLDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 0456.

Judgment: Reversed and remanded.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Patricia J. Smith,* 9442 State Route 43, Streetsboro, OH 44241 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Geoff M. Householder, appeals the October 16, 2013 Order and Journal Entry of the Portage County Court of Common Pleas, sentencing him to an aggregate prison term of fifteen years. The issue raised on appeal is whether a sentencing court satisfies the requirement to make certain findings necessary to impose consecutive sentences under R.C. 2929.14(C)(4) without finding that one of the circumstances described in subdivision (a), (b), or (c) exists. For the

following reasons, we reverse the sentence and remand for the limited purpose of resentencing.

{¶2} On July 26, 2013, the Portage County Grand Jury returned a fourteen-count Indictment against Householder, charging him with two counts of Gross Sexual Imposition, four counts of Importuning, four counts of Sexual Imposition, two counts of Unlawful Sexual Conduct with a Minor, and two counts of Sexual Battery.

{¶3} On July 29, 2013, the matter came before the trial court for Arraignment, and Householder entered a plea of Not Guilty.

{¶4} On September 19, 2013, Householder entered a Written Plea of Guilty to the following charges of the Indictment: Counts 1 and 3 for Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4), committed between February 1st and April 20th of 2011; and Counts 7 and 11 for Unlawful Sexual Conduct with a Minor, felonies of the third degree in violation of R.C. 2907.04, committed between June 1st and June 30th of 2012.

{¶5} On October 15, 2013, Householder's sentencing hearing was held.

{¶6} Defense counsel urged the trial court, when passing sentence, to consider Householder's appreciation of, and remorse for, the harm he caused the victim; his acceptance of responsibility for his conduct; his cooperation with law enforcement; and the fact that, the present crimes excepted, Householder led a law-abiding life and was gainfully employed.

{¶7} The prosecutor emphasized to the court that Householder perpetrated crimes against the victim in New York and New Jersey, although neither of these jurisdictions have acted to bring charges against him. The prosecutor explained that, in

2

"put[ting] together this plea agreement," the State intentionally chose different charges from different "situations" or "time periods" in order "to give us the most latitude in terms of arguing [sentencing]." The prosecutor asked for a sentence of twenty years in prison.

{¶8} The victim, age fifteen, addressed the court and explained that Householder began molesting her when she was nine. The victim spoke of her being "constantly in fear" for herself and her family; flashbacks; her family's financial hardship resulting from Householder's actions; shame at what happened to her and anxiety that other people will learn about it; and being deprived of the chance to "give [her] virginity * * * to someone special." The victim asked that Householder be sentenced to at least fifteen years in prison.

{¶9} The victim's mother addressed the court and explained that Householder was her boyfriend for nine years and they have a child together. The mother described how the victim changed from being a "bright child full of laughter, songs and compassion," into a child "isolated, angry, and jaded" – fearful of relationships with other people. The mother stated that her relationship with her children has been "fractured" on account of "the danger that was lurking in our own home and the monster that they called daddy."

{¶10} Householder addressed the court and apologized to the victim for the "terrible thing that [he] brought upon our family."

{¶11} The trial court judge stated that she believed Householder was "sorry [he] got caught," his conduct was "sick," and she had no sympathy for him. The court sentenced Householder to sixty months in prison for each count of Gross Sexual Imposition and thirty months for each count of Unlawful Sexual Conduct with a Minor.

The court ordered the sentences to be served consecutively for an aggregate prison term of fifteen years. The court ordered Householder to pay a fine of $500 and court costs.

{¶12} On October 16, 2013, the trial court issued an Order and Journal Entry, memorializing Householder's sentence.

{¶13} On November 12, 2013, Householder filed a Notice of Appeal.

{¶14} On appeal, Householder raises the following assignment of error:

{¶15} "The trial court erred when it imposed consecutive sentences without making the required findings pursuant to R.C. 2929.14."

{¶16} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶17} In the present appeal, Householder argues that the trial court failed to comply with the statutory requirements for imposing consecutive sentences. Accordingly, we must determine whether the sentence is clearly and convincingly contrary to law.

{¶18} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

4

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶19}** Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the

5

public"; (3) "and * * * also" that one of the circumstances described in subdivision (a) to (c) is present.

{¶20} Ohio Criminal Rule 32(A)(4) provides: "At the time of imposing sentence, the court shall[,] * * * [i]n serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."[1]

{¶21} At the October 15, 2013 sentencing hearing, the trial court made no findings relative to the imposition of consecutive sentences.

{¶22} In its October 16, 2013 Order and Journal Entry, the trial court stated: "The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant; and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public." The court made no finding relative to the existence of one of the circumstances described in subdivision (a) to (c).

{¶23} As the trial court failed to the make the findings required by R.C. 2929.14(C)(4), the sentence imposed is clearly and convincingly contrary to law. Accordingly, we must reverse and remand this case for resentencing.

{¶24} The present case is distinguishable from this court's prior decisions in *State v. Frasca*, 11th Dist. Trumbull No. 2011-T-0108, 2012-Ohio-3746, and *State v. Koeser*, 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838. In these cases, this court determined that the sentencing courts did, in fact, make the necessary findings even if those findings did not employ the statutory language. "It is sufficient if the trial

---

1. This court has repeatedly held, and the parties do not dispute, that "[a]lthough [R.C. 2929.14(C)(4)] requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." (Citation omitted.) *State v. Beckwith*, 11th Dist. Ashtabula No. 2012-A-0051, 2013-Ohio-1739, ¶ 15; *State v. Koeser*, 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838, ¶ 22.

court makes statements during the sentencing hearing showing that the decision to impose consecutive prison terms was predicated upon R.C. 2929.14(C)(4)." *Koeser* at ¶ 23. While, "the trial court * * * may not have used the exact wording of the statute in reaching these findings, * * * 'a verbatim recitation of the statutory language is not required * * *.'" (Citation omitted.) *Frasca* at ¶ 60. In the present case, the sentencing judge commented that she did not accept Householder's remorse, the conduct was sick, she had no sympathy for him, and he was not amenable to community control sentences. The court, then, pronounced sentence.

**{¶25}** We note that the circumstances described in R.C. 2929.14(C)(4)(a) and (c) are clearly inapplicable to the present case.

**{¶26}** The State notes that there was sufficient evidence, given the structuring of the plea agreement to include charges reflecting distinct periods of criminal conduct, the victim's testimony at the sentencing hearing, and the pre-sentence investigation report, for the sentencing court to find that "at least two of the multiple offenses were committed as part of one or more courses of conduct," and/or "the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b). The issue, however, is not whether the sentencing court could have made the necessary findings, but whether it did so. *State v. Jones*, 2nd Dist. Clark No. 2012 CA 61, 2013-Ohio-4820, ¶ 34 (until the sentencing court actually makes a finding under R.C. 2929.14(C)(4), "we need not address Jones' argument regarding whether the record supports the imposition of consecutive sentences").

{¶27} In the present case, the trial court judge's statements at the sentencing hearing and in the written judgment entry make absolutely no reference to the charges against Householder being part of a course of conduct or causing harm so great that no single prison term adequately reflects the seriousness of the conduct. The State urges that, "since [Householder] pleaded guilty to four counts in the indictment that indicated separate instances of gross sexual imposition and unlawful conduct with a minor," the trial court, in effect, "determined the crimes were committed as courses of conduct." Appellee's brief at 10. To infer that the sentencing court made the required statutory findings from the fact of the offender's conviction would render the statutory mandate utterly meaningless. Therefore, the court remands this matter for the limited purpose of having the lower court make the appropriate findings on the record.

{¶28} The sole assignment of error is with merit.

{¶29} For the foregoing reasons, the October 16, 2013 Order and Journal Entry, sentencing Householder to an aggregate prison term of fifteen years, is reversed and this matter is remanded for the limited purpose of resentencing. Costs to be taxed against the appellee.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8