[Cite as *State v. Rock*, 2019-Ohio-2507.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-107** |
| DAVID V. ROCK, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000525.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David V. Rock, Jr.*, pro se, PID: A663-040, Trumbull Correctional Institute, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant David V. Rock, Jr. ("Rock") appeals a judgment in the Lake County Court of Common Pleas denying his motion for jail-time credit following resentencing on remand from this court. We affirm the trial court's judgment.

{¶2} The facts in this matter have been restated several times through previous appeals, and are as follows:

{¶3} On March 30, 2015, the Lake County Court of Common Pleas entered a judgment convicting Rock of one count of operating a vehicle under the influence ("OVI"), a third-degree felony, in violation of R.C. 4511.19(A)(1)(a) and an accompanying R.C. 2941.1413 specification for having been convicted of five or more OVI offenses within the previous twenty years. Rock was sentenced to serve a prison term of thirty-six months for the underlying OVI and four years for the repeat-offender specification, to run consecutive to each other and consecutive to the sentence imposed by the Ashland County Court of Common Pleas in case No. 10-CRI-081. The judgment entry stated, "It is further ORDERED that the Defendant is granted one hundred and nine (109) days of credit through December 8, 2014 for time he has spent in jail or community correctional facility with regard to the underlying offenses. The Defendant is granted one additional day of credit for each day served awaiting transport to the institution on this sentence."

{¶4} Rock challenged his sentence on appeal from the trial court's March 30, 2015 judgment. *State v. Rock*, 11th Dist. Lake No. 2015-L-047, 2015-Ohio-4639. His lone assignment of error was as follows: "The trial court erred by sentencing the defendant-appellant to an excessive prison term of seven years consecutive to a prison term from another county." *Id.* at ¶6. The amount of jail-time credit received was not subject to challenge in his appeal.

{¶5} There, we held that the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) in order to run Rock's sentences for the OVI and specification consecutive to his Ashland County sentence. *Id.* at ¶11.

{¶6} Upon remand from this court, the trial court held a hearing on December 7, 2015. The trial court entered judgment on the issue of consecutive sentencing on

2

December 8, 2015, declining to make the required findings for imposing consecutive sentences. The trial court ordered Rock's sentence for the OVI and specification be served concurrently with the sentence imposed by the Ashland County Court of Common Pleas. *State v. Rock*, 11th Dist. Lake No. 2016-L-011, 2016-Ohio-8516, ¶4. The trial court did not include any language in the judgment entry regarding jail-time credit.

{¶7} On August 8, 2018, Rock filed a motion for jail-time credit, requesting that the judgment entry imposing the sentence be corrected to include 110 days of jail-time credit. The state did not respond, and the trial court overruled the motion without explanation.

{¶8} Rock filed a timely pro se notice of appeal and raises the following assignment of error for our review:

{¶9} "The trial courts [sic] failure to consider jail time credit through a hearing and documentation must be viewed as 'abuse of discretion' and denial of the 14th Amendment to the U.S. Const. and §2, Art. 1 of Ohio Const."

{¶10} R.C. 2967.191 mandates a reduction of a prison term for related days of confinement. At the time of Rock's sentencing, the statute provided:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(f)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility.

3

"[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶12. "R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held." *Id.* "It is the duty of the trial judge to determine the amount of credit to which a prisoner is entitled." *State v. Murton*, 11th Dist. Geauga No. 2016-G-0098, 2017-Ohio-7949, ¶14 (citation omitted). "This information must be included in appellant's sentencing entry." *Id.* *See also* R.C. 2949.12; Ohio Adm.Code 5120-2-04(B).

{¶11} "[T]he proper remedy for correcting an error during imposition of consecutive service is *a limited remand* for the purpose of determining whether consecutive sentences should be imposed, not a de novo sentencing hearing where any issue regarding sentencing could be reviewed." *State v. Hauser*, 8th Dist. Cuyahoga No. 105411, 2018-Ohio-1642, ¶11 (emphasis added), citing *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶21-22.

{¶12} Further, the Eighth District Court of Appeals summed up the duty of the trial court on a remand of the same nature as Rock's original appeal as follows:

> In *LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596, 2013 WL 5676253, a different panel of this court held that the proper remedy for correcting an error during imposition of consecutive sentences is a limited remand for the purpose of determining whether consecutive sentences should be imposed. Several panels of this court are in accord with *LaSalla*. *See State v. White*, 8th Dist. Cuyahoga No. 99280, 2013-Ohio-3808, 2013 WL 4778518, ¶ 6, citing *State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344, 2013 WL 1384997; *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130, 2013 WL 3808445; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274, 2012 WL 4243709.

We resolve the conflict and hold that the trial court is limited on remand to only the question raised regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences.

*Nia*, *supra*, at ¶21-22. This court has also held that remand for correcting an error during imposition of consecutive service is limited only to making the appropriate findings on the record to justify consecutive sentences. *See State v. Householder*, 11th Dist. Portage No. 2013-P-0092, 2014-Ohio-2455, ¶27.

{¶13} In the present matter, the jail-time credit amount was stated in the original judgment entry and was not challenged by Rock on appeal. Upon remand, the trial court was permitted to limit its entry to addressing the findings needed for the imposition of consecutive sentences. While the court could have restated the amount of jail-time credit given to Rock, it was under no duty to do so. By choosing not to restate the jail-time credit, the court essentially overruled the motion. Further, Rock conceded in his brief that he received jail-time credit, which was reflected in his release date. Therefore, the trial court made the necessary determination of jail-time credit and properly journalized it in the original judgment entry.

{¶14} Rock's sole assignment of error has no merit.

{¶15} The judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

5