[Cite as *State v. Fair*, 2021-Ohio-656.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0099** |
| ROSS FAIR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00533.

Judgment: Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Ross M. Fair, appeals the September 3, 2019 Judgment Entry of the Portage County Court of Common Pleas, sentencing him to an aggregate sentence of life with parole eligibility after 33 years, after this court reversed his original sentence of life with parole eligibility after 38 years and remanded for resentencing. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

{¶2} Following a jury trial, Fair was convicted of two counts of Rape, felonies of

the first degree in violation of R.C. 2907.02(A)(1)(b) and 2971.03; two counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4); two counts of Sexual Battery, felonies of the second degree in violation of R.C. 2907.03(A)(5) and (B); and one count of Importuning, a felony of the third degree in violation of R.C. 2907.07(A) and (F)(2).

{¶3} The trial court sentenced Fair as follows:

> IT IS THEREFORE ORDERED that the Defendant is sentenced to the Ohio Department of Rehabilitation and Correction to a term of imprisonment of LIFE with the eligibility for parole after 15 years to be served for Each offense of "Rape", to run consecutive to one another, Five (5) years to be served for Each offense of "Gross Sexual Imposition" to run concurrent to one another and shall merge with the aforementioned sentence, Eight (8) years to be served for Each offense of "Sexual Battery" to run concurrent to one another but consecutive to the Rape sentences and Three (3) years to be served for the offense of "Importuning" of which shall run concurrent to the aforementioned sentences, for a total of a Life sentence with the eligibility for parole after Thirty-eight (38) years, or until such time as he is otherwise legally released.

{¶4} Fair appealed his convictions and sentence.

{¶5} In *State v. Fair*, 11th Dist. Portage No. 2018-P-0027, 2019-Ohio-2508, this court affirmed the jury's verdicts and the imposition of consecutive sentences but reversed for failing to merge allied offenses. This court held that the Sexual Battery counts (as well as the Gross Sexual Imposition counts) were allied offenses with the Rape counts and should have merged. *Id.* at ¶ 39. This court further noted that the trial court erroneously sentenced Fair for the Gross Sexual Imposition counts despite ruling that these counts should merge with the Rape counts. *Id.* at ¶ 27. The case was "remanded for resentencing." *Id.* at ¶ 75.

{¶6} On August 30, 2019, Fair's resentencing hearing was held. The State of Ohio elected to proceed on the two counts of Rape into which the trial court merged the

Gross Sexual Imposition and Sexual Battery counts.

{¶7} On September 3, 2019, the trial court issued an Order and Journal Entry, memorializing Fair's sentence as follows:

> IT IS THEREFORE ORDERED that the Defendant is sentenced to the Ohio Department of Rehabilitation and Correction to a term of imprisonment of LIFE with the eligibility for parole after 15 years to be served for Each offense of "Rape", to run consecutive to one another and Thirty-six (36) months to be served for the offense of "Importuning" * * * which shall run consecutive to the aforementioned sentences, or until such time as he is otherwise legally released.

{¶8} On September 25, 2019, counsel for Fair filed a Notice of Appeal. On appeal, Fair raises the following assignments of error:

{¶9} "[1.] The trial court erred by sentencing appellant to a mandatory term of incarceration without first advising appellant of such pursuant to R.C. 2929[.19](B)(2)(a)."

{¶10} "[2.] The trial court erred, as a matter of law, by failing to give appellant credit for jail time served during the pendency of this matter."

{¶11} In the first assignment of error, Fair argues that the trial court erred by failing to advise him at resentencing that it was imposing a mandatory term of incarceration as required by R.C. 2929.19(B)(2)(a) ("if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term"). The life sentences imposed for the Rape convictions are mandatory prison terms. R.C. 2929.01(X)(3). The State acknowledges that the court failed to comply with R.C. 2929.19(B)(2)(a) at resentencing and concedes the same as error. We note that, at Fair's original sentencing, the court did advise him of the mandatory nature of the Rape sentences. *Fair*, 2019-Ohio-2508, at ¶ 24.

3

{¶12} "The failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences." R.C. 2929.19(B)(7). In light of this provision, the courts have held that the failure to notify an offender that a prison term is mandatory does not render a judgment vulnerable to collateral attack. *E.g., State v. Stevens*, 9th Dist. Summit No. 29131, 2019-Ohio-2808, ¶ 10; *State v. Rasul*, 8th Dist. Cuyahoga No. 101625, 2016-Ohio-200, ¶ 20 ("Rasul cannot establish prejudice for the failure to raise it in the direct appeal because the remedy is limited to providing a corrected entry and does not affect the validity of the sentence or sentences that were already imposed"). Rather than vacate Fair's sentences, the appropriate remedy is "to remand the matter to the trial court to provide the notification set forth in R.C. 2929.19(B)(2)(a)." *State v. Benitez-Maranon*, 9th Dist. Summit Nos. 26461 and 26659, 2014-Ohio-3575, ¶ 15.

{¶13} The first assignment of error is with merit.

{¶14} In the second assignment of error, Fair argues that the trial court failed to calculate the precise number of days of jail time credit to which he was entitled pursuant to R.C. 2929.19(B)(2)(g)(i) ("the court shall * * * "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite term imposed on the offender as the offender's stated prison term").

{¶15} With respect to jail time credit, the trial court's September 3, 2019 Entry provides: "* * * Defendant shall receive credit for all the days he has spent in the Portage

4

County Jail and in prison on this matter. This credit includes jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility. That time is to be calculated by the reception facility." Thus, the court provided for all jail time credit including all previous time "in the Portage County Jail and in prison."

{¶16} The State responds that the trial court complied with R.C. 2929.19(B)(2)(g)(i) in its original March 13, 2018 Entry, wherein it stated: "* * * Defendant shall receive credit for the 265 days he has spent in the Portage County Jail * * *. This credit includes jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility. That time is to be calculated by [the] reception facility." It is the State's position that, "[w]hen a matter is remanded for resentencing and the original jail-time credit amount is not challenged, the trial court is not obliged to calculate or restate the jail-time credit amount." Appellee's brief at 4. We agree.

{¶17} In the prior appeal of this matter, *State v. Fair*, 2019-Ohio-2508, this court reversed Fair's sentence in part and remanded the matter for the purposes of merger and resentencing. The Ohio Supreme Court has held that, "[i]n a remand based only on an allied-offenses sentencing error, * * * only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. From this it follows that "any prior issues not successfully challenged in [the prior] appeal are outside the scope of [the] resentencing remand and will be precluded from further review under the principles of res judicata." *Id.* at ¶ 33; *compare State v. Rock*, 11th Dist. Lake No.

5

2018-L-107, 2019-Ohio-2507, ¶ 13 (the trial court was "under no duty" to restate the amount of jail-time credit given to the offender following a remand for the purposes of imposing consecutive sentences).

{¶18} The second assignment of error is without merit.

{¶19} For the foregoing reasons, the first assignment of error is with merit. Fair's sentence is reversed with respect to the failure to advise him of the mandatory nature of the Rape sentences and affirmed in all other respects. This case is remanded for further proceedings consistent with this Opinion. Costs to be taxed against the parties equally.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.