[Cite as *State v. Brewer*, 2017-Ohio-8247.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2017-CA-17 |
| | : | |
| v. | : | T.C. NO. 15-CR-506 |
| | : | |
| BEN BREWER, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of _____October_____, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 South Main Street, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1}  Ben Brewer, Jr., appeals from a judgment of the Greene County Court of Common Pleas, which resentenced him pursuant to a remand from this court.

{¶ 2}  In 2016, Brewer pled guilty to three counts of trafficking in heroin and was sentenced to consecutive prison terms totaling 60 months. The trial court also imposed

"optional" post-release control and ordered Brewer to pay court costs and to reimburse the Beavercreek Police Department for lab costs and money spent on a controlled drug buy. He appealed, challenging the basis for the trial court's findings in support of consecutive sentences. Because some of the evidence upon which the trial court seemed to rely in imposing consecutive sentences (specifically, Brewer's criminal history) was not contained in the record, we vacated the sentence and remanded for resentencing. *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257 (2d Dist.) ("*Brewer I*"). Although not raised by Brewer, we also noted that the trial court's manner of imposing post-release control and its order of restitution to the police department were potentially problematic and should be revisited on remand. *Id.*

{¶ 3} Brewer was resentenced on March 2, 2017. At that time, the trial court made Court's Exhibit 1, Brewer's criminal record, part of the record. It reiterated its finding that consecutive service was necessary to protect the public from future crime or to punish Brewer, that consecutive sentences were not disproportionate to the seriousness of Brewer's conduct and the danger he poses to the public, and that Brewer's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes.

{¶ 4} In response to the concern we stated in *Brewer I* about the order of restitution to a law enforcement agency, the trial court observed that, although it could not order restitution to such an agency, payment of restitution to the police department had been part of Brewer's plea agreement, and such an agreement was permissible. The court stated that it would "enforce the contract that was reached between the parties." Moreover, the court imposed post-release control at the sentencing hearing as well as in

its judgment entry.

{¶ 5}  Brewer again appeals from his conviction and sentence.   Brewer's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after examining the record and the law, she found no potentially meritorious issues for appeal.   By entry, we informed Brewer that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 6} The case is now before us for our independent review of the record.   *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 7}  The trial court's actions and explanations on remand addressed all of the sentencing issues we raised in *Brewer I.*   Court's Exhibit I demonstrates that Brewer had a very lengthy criminal history; he had previously been to prison numerous times, and his criminal charge summary listed 27 cases (some with multiple counts) over approximately 15 years.   The trial court also found that Brewer had violated a condition of his bond and was "not amenable to available Community Control sanctions."   The supplemented record supports these findings and the imposition of consecutive sentences.   As such, appellate counsel concluded that there were no non-frivolous issues to present on appeal from Brewer's resentencing.

{¶ 8} We have thoroughly reviewed the record, including Court Exhibit I, Brewer's criminal record, and we find that an argument that the record clearly and convincingly does not support the imposition of consecutive sentences would be frivolous.   *See* R.C. 2953.08(G)(2)(a); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.   We also agree with the trial court's conclusion that Brewer could (and did) agree,

as part of his plea agreement, to pay restitution to the police department, although such restitution could not have been ordered as part of sentencing on the court's initiative. And the trial court's error in failing to properly impose post-release control at Brewer's initial sentencing hearing has been corrected. We agree with appellate counsel that there are no non-frivolous issues for appeal.

{¶ 9} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Nathaniel R. Luken
Andrea G. Ostrowski
Ben Brewer, Jr.
Hon. Stephen A. Wolaver