[Cite as *State v. Conn*, 2016-Ohio-1001.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-07-061 |
| - vs - | : | O P I N I O N<br>3/14/2016 |
| | : | |
| ANTHONY CONN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13 CR 25904

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas W. Kidd, Jr., 8913 Cincinnati Dayton Road, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Anthony Conn, appeals his sentence from the Warren County Court of Common Pleas for trafficking in drugs and illegal manufacture of drugs.

{¶ 2} Following an investigation conducted by the Warren County Drug Task Force, appellant was indicted on numerous counts involving the trafficking, possession, and illegal manufacture of steroids. In January 2014, appellant pled guilty to two counts of trafficking in

drugs in violation of R.C. 2925.03(A)(1), four counts of trafficking in drugs in violation of R.C. 2925.03(A)(2), one count of child endangering in violation of R.C. 2919.22(B), and one count of illegal manufacture of drugs in violation of R.C. 2925.04(A). On March 24, 2014, appellant was sentenced to an aggregate prison term of five years, three of which were mandatory, through of a combination of consecutive and concurrent sentences.

{¶ 3} Appellant appealed his convictions and sentence. On appeal, this court reversed as to the imposition of consecutive sentences but affirmed the balance of the trial court's decision. *State v. Conn*, 12th Dist. Warren Nos. CA2014-04-059, CA2014-04-061, and CA2014-06-084, 2015-Ohio-1766 (*Conn I*). Specifically, this court found "appellant's individual prison terms were proper" but the "imposition of consecutive sentences is contrary to law" because the trial court failed to make the required statutory findings under R.C. 2929.14(C)(4). This court stated,

> We therefore vacate appellant's consecutive sentences and remand this matter to the trial court for resentencing. On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry.

{¶ 4} Upon remand, a different judge presided over appellant's resentencing hearing than the judge who originally sentenced appellant. In an entry dated July 1, 2015, the court resentenced appellant to serve concurrent sentences and modified the individual prison terms on many of his charges, resulting in an aggregate prison sentence of four mandatory years.

{¶ 5} Appellant now appeals, asserting a sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN IMPERMISSIBLY SENTENCING THE MR. CONN TO AN INCREASED SENTENCE OF 4 YEARS AS TO COUNTS 15, 23, 31, 43, AND 50.

{¶ 7}   Appellant challenges his sentence on remand.  Appellant argues the trial court erred and violated this court's limited remand instruction when it modified the prison terms of his individual sentences in addition to correcting the consecutive sentencing error at the resentencing hearing.  Appellant also maintains his due process rights were violated because the trial court vindictively imposed a harsher sentence on remand.  We will address these arguments in turn.

**Scope of Resentencing Hearing**

{¶ 8}   The "law of the case" doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings at both the trial and reviewing levels.  *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Therefore, absent extraordinary circumstances, such as an intervening decision by the supreme court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.  *Id.* at syllabus.

{¶ 9}   In *Conn I*, this court found error only as to the imposition of consecutive sentences.  Specifically, while we affirmed all of appellant's individual prison terms, we vacated the trial court's order that the sentences be served consecutively and remanded the matter to the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, make the required statutory findings.  On remand, instead of limiting itself to correcting the consecutive sentencing error, the trial court conducted a de novo resentencing hearing.  The court modified the individual prison terms of several of appellant's charges and ordered the terms to be served concurrently, resulting in an aggregate sentence of four mandatory years in prison instead of five years in prison, three of which were mandatory.

{¶ 10}   In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, the Ohio Supreme Court addressed the limited scope of resentencing hearings.  The Supreme Court held that

- 3 -

when there is an allied-offenses error, on remand a trial court must hold a new sentencing hearing on those offenses affected by the error. *Id.* at ¶ 13. However, the Supreme Court commented that while "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing * * * a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing." *Id.* at ¶ 15. For example, when a case is remanded based only on an allied-offenses sentencing error "the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. * * * Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id.*

{¶ 11} In this case, we found error only to the imposition of consecutive sentences, vacated the consecutive sentences, and remanded the matter to the trial court solely on the basis to correct the consecutive sentences error. On remand, the trial court should not have conducted a de novo sentencing hearing but instead should have held a sentencing hearing limited to considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, make the required statutory findings. Therefore, we find the trial court erred in conducting a de novo sentencing hearing on remand and modifying several of the individual prison terms. *See State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 20-22 (resentencing hearing to correct consecutive sentence error limited to consecutive sentences; trial court is not to conduct de novo sentencing hearing); *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9. The trial court had no authority to extend or vary the scope of our remand order and therefore erred in modifying the individual prison terms. *See State v. Clay*, 12th Dist. Madison No. CA2011-12-016, 2012-Ohio-5011, ¶ 24; *State v. Carsey*, 4th Dist. Athens No. 14CA5, 2014-Ohio-3682, ¶ 10. As the trial court erred

in conducting a de novo resentencing hearing on remand, we vacate appellant's July 1, 2015 four-year prison sentence he received on remand.

## Vindictive Sentencing

{¶ 12} The United States Supreme Court has held that a trial court violates due process of law when, motivated by retaliation or vindictiveness for a defendant's successful appeal, the court resentences a defendant to a harsher sentence. *North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072 (1969). A presumption of vindictiveness arises only when circumstances establish a "reasonable likelihood" that an increased sentence is the product of vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201 (1989). "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*, citing *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217 (1984).

{¶ 13} There is no presumption of vindictiveness when the trial court that imposes the second sentence is different from the original sentencing judge. *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976 (1986). Instead, "it may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *Id.* at 140, quoting *Colten v. Kentucky*, 407 U.S. 104, 117, 92 S.Ct. 1953 (1972).

{¶ 14} We begin by noting that appellant's argument that the sentence imposed on remand was vindictive is moot. As discussed above, the sentence appellant received on remand is vacated because the trial court erred in conducting a de novo resentencing hearing. However, even if appellant's argument was not moot, we do not find appellant's sentence was vindictive. In this case, appellant was sentenced by two different trial judges. Therefore, there is no presumption that appellant's new sentence is a product of

vindictiveness because a different judge presided over appellant's resentencing hearing. *See State v. Wisby*, 12th Dist. Clermont No. CA2012-06-049, 2013-Ohio-1307, ¶ 26. Consequently, appellant must demonstrate vindictiveness from the record. Appellant has made no attempt to show actual vindictiveness, and we do not see any evidence of it. Accordingly, the trial court did not violated appellant's due process rights in imposing a new sentence of four mandatory years in prison.

### Conclusion

{¶ 15} Consequently, the trial court erred in conducting a de novo resentencing hearing on remand. Therefore, we vacate appellant's four-year prison sentence imposed on July 1, 2015. The trial court's original sentencing entry journalized on March 24, 2014 remains valid in regards to the individual prison terms for each of appellant's offenses, however, the trial court's imposition of consecutive sentences remains contrary to law pursuant to our prior holding in *Conn I*, and is vacated. We remand this matter to the trial court for resentencing. On remand, the trial court is limited to determining whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 37.

{¶ 16} Appellant's sole assignment of error is sustained in part and overruled in part.

{¶ 17} Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

M. POWELL, P.J., and HENDRICKSON, J., concur.