[Cite as *State v. Brewer*, 2017-Ohio-119.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-506 |
| | : | |
| BEN BREWER, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the ____13th____ day of _____January_____, 2017.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332 and NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, 55 Greene Street, Xenia, Ohio 45385
    Attorneys for Plaintiff-Appellee

ENRIQUE G. RIVERA-CEREZA, Atty. Reg. No. 0085053, 61 North Dixie Drive, Suite B, Vandalia, Ohio 45377
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Ben Brewer, Jr., appeals from a judgment of the Greene County Court of Common Pleas, which found him guilty on his guilty pleas of three counts of trafficking in heroin and sentenced him to an aggregate term of 60 months in prison. Brewer challenges his sentence on appeal. For the following reasons, the judgment of the trial

court will be reversed, and the matter will be remanded for resentencing.

## I. Procedural History

{¶ 2} On August 28, 2015, Brewer was indicted on three counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1), and three counts of possession of heroin, in violation of R.C. 2925.11(A); the indictment also included a vehicle forfeiture specification. On February 4, 2016, Brewer entered a plea agreement, in which he pled guilty to the three counts of trafficking (felonies of the third, fourth, and fifth degree) and the forfeiture specification, and the State dismissed the three counts of possession. The trial court ordered a presentence investigation (PSI).

{¶ 3} The probation officer submitted a "condensed" PSI to the trial court, which contained a list of the charges against Brewer in this case and a detective's "Report of Investigation" about the basis for those charges. The PSI also noted that, subsequent to his plea, Brewer had been "drug tested and found positive for heroin and Xanax," had admitted to "abusing drugs while on bond for the pending case," and had admitted that he "was not involved" in drug treatment, as required by the conditions of his bond. The PSI did not contain any information regarding Brewer's criminal record, social history, or medical condition.

{¶ 4} At the sentencing hearing, the trial court stated that, in addition to the PSI, it had received a letter from a doctor at the University of Toledo Medical Center regarding Brewer's medical history, which included a kidney transplant and an ongoing need for various medications.[1] The court also commented that Brewer had "been to prison

---

[1] The letter was discussed on the record but not submitted with the PSI nor is the letter itself part of the record.

before" and that he had "previously been convicted of a felony within two years of the offense"; likewise, the judgment entry contained a finding that "[t]he defendant has an extensive criminal history that includes numerous felony convictions and [a] prior prison sentence." The court did not identify the source of this information, and it is not contained in the record.

{¶ 5} At the sentencing hearing and in the judgment entry, the trial court sentenced Brewer to 36 months on the count of third-degree felony trafficking and to 12 months on the counts of fourth- and fifth-degree felony trafficking. The trial court ordered that the prison terms run consecutively, for an aggregate sentence of 60 months. The court also imposed "optional" post release control, required Brewer to pay court costs, and ordered him to reimburse the Beavercreek Police Department for costs associated with laboratory analyses and the A.C.E. Task Force for drug buy money. The post release control, costs, and reimbursements to the police department and task force are not relevant to this appeal, except as noted in Section III, below.

{¶ 6} Brewer raises three assignments of error on appeal, all of which relate to the imposition of consecutive sentences and, specifically, whether the PSI contained sufficient bases for the imposition of consecutive sentences.

## II.    Consecutive Sentencing

{¶ 7} In his first and second assignments of error, Brewer contends that there was insufficient information in the record to support the trial court's consecutive-sentence findings. Specifically, he argues that the trial court erred in considering an incomplete PSI, i.e., one that contained no information regarding his criminal record.

{¶ 8} Because trial counsel did not object to the consecutive sentences, we review

for plain error. In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Norris,* 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 22; Crim.R. 52(B). Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 9} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the

offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)].' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). "[T]he question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that *the record fails to support* the trial court's findings." (Emphasis added.) *Id.*

{¶ 11} In this case, Brewer concedes that the trial court made all the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). Specifically, the court stated the following at the sentencing hearing:

I further find that consecutive prison terms are necessary to protect the public from future crime or punish the Defendant and are not disproportionate to the seriousness of the conduct and the danger this conduct poses to the following—or to the public, and the Court further finds that the history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this

Defendant.

The judgment entry contained similar findings. We agree with Brewer that the trial court made the findings required by R.C. 2929.14(C)(4).

{¶ 12} Nevertheless, Brewer contends that the record does not support the trial court's findings in support of consecutive sentences because the PSI did not contain any information regarding his criminal history. Brewer points out that the only information in the record regarding his prior criminal conduct was: 1) the court's statements at the sentencing hearing that Brewer had been to prison before and had been convicted of a felony within two years of the offense; and 2) the trial court's findings in the sentencing entry that Brewer had previously been convicted of or pleaded guilty to a felony offense or a misdemeanor offense of violence within two years of the offense, had served a prison term, and had "an extensive criminal history that includes numerous felony convictions and prior prison sentence."

{¶ 13} We must review the record to determine whether it clearly and convincingly does not support the finding that Brewer's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this defendant."

{¶ 14} As discussed above, the PSI contained no discussion of Brewer's prior criminal history. It only addressed the circumstances surrounding the instant offenses and Brewer's violation of the conditions of his bond by failing to obtain treatment and by testing positive for heroin and Xanax. Further, no other documentation of Brewer's criminal history was made a part of the record, and the trial court did not identify the source of the information to which it referred.

**{¶ 15}**  At sentencing, the court noted that Brewer had been to prison before and that he had been convicted of a felony within two years of the offense; it is not evident whether he had been in prison for the referenced felony, whether these are two separate convictions, or the type(s) of offense(s) that was/were at issue.   Although the judgment entry states that he previously had been "convicted of or pleaded guilty to a felony offense or a misdemeanor offense of violence within two years of the offense" and "had served a prison term," this does little to clarify the record.   The entry further states that Brewer had "an extensive criminal history that includes numerous felony convictions and prior prison sentence."   While the prior prison sentence had been previously referenced, albeit somewhat ambiguously, the references to "numerous" felony convictions and "extensive criminal history" find no support in the record.

**{¶ 16}**  An appellate court cannot infer that the trial court accurately relied on a report detailing the defendant's criminal history where neither the report nor the criminal history is otherwise documented in the record.    *See State v. Clifford*, 3d Dist. Paulding No. 11-04-06, 2005-Ohio-958, ¶ 15 (holding that, where a computerized criminal history report is not part of the record on appeal, and the contents of such a report are unknown, an appellate court cannot infer that the trial court properly considered any information contained therein), *reversed on other grounds, In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, ¶ 37.

**{¶ 17}** What must be remembered is that, even if the record reflected specific prior convictions and sentences (and we find this not to be the situation), we are reviewing the bases for the finding in support of consecutive sentences (i.e., "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the

public from future crime by the defendant") and not solely the underlying facts (i.e., whether the defendant has one or more felonies or has previously served time in prison).

{¶ 18} At the sentencing hearing, the court specifically told Brewer that it was imposing a sentence "to save [his] life" by keeping him away from opportunities to take heroin and providing "a 24/7 opportunity" for drug treatment. We recognize, as the trial court apparently did, that a specific person who is addicted to heroin can be a danger to both himself and the public. But whether it is appropriate under R.C. 2929.11, R.C. 2929.12, or R.C. 2929.13 to consider the health of a defendant and a defendant's need to be saved from himself in imposing a non-consecutive sentence is not before us. Rather, the narrow question is whether we find, clearly and convincingly, that the record does not support the finding that the "history of criminal conduct" necessitates consecutive sentences "to protect the public from future crime by the defendant," pursuant to R.C. 2929.14(C)(4)(c).

{¶ 19} Because the record is devoid of any information regarding Brewer's criminal history, we clearly and convincingly find that the record does not support the trial court's finding that Brewer had a history of criminal conduct which demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 20} In *Bonnell*, when the supreme court found that the proper findings in support of consecutive sentences had not been not made by the trial court, the supreme court remanded for resentencing rather than modifying the sentence to concurrent sentences. Many appellate courts, including this one, have handled such an error in the same manner. *See also State v. Nia,* 2014-Ohio-2527, 15 N.E.3d 892, ¶ 17 (8th Dist.) (en banc)*; State v. Conn*, 12th Dist. Warren No. CA2015-07-061, 2016-Ohio-1001, ¶ 9-

11; *State v. Williams*, 9th Dist. Medina No. 14CA0072-M, 2015-Ohio-2197, ¶ 9; *State v. Anderson*, 2d Dist. Montgomery No. 25689, 2014-Ohio-4245, ¶ 51. Thus, we will vacate Brewer's sentence and remand this matter to the trial court for it to consider whether consecutive sentences are permitted under R.C. 2929.14(C)(4) based on evidence that is properly before it and to make, or not make, the appropriate findings.

{¶ 21} Brewer's second assignment of error is sustained.

{¶ 22} Having sustained Brewer's second assignment of error, the two remaining assignments of error, which challenge his sentence and argue that counsel was ineffective in failing to object to the sentence, are moot.

### III.    Other sentencing issues

{¶ 23} In our review of this case, we have noted two sentencing issues that were not raised by Brewer, but which the trial court should review on remand. The first is the imposition of post-release control. At the sentencing hearing, the court advised Brewer that post-release control was "optional," but it did not indicate the length of post-release control; in the judgment entry, the trial court imposed "optional post release control for up to 3 years." The Ohio Supreme Court has cautioned that, "to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." (Citations omitted.) *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. Moreover, a sentence that does not properly impose postrelease control is void. *Id.* at ¶ 23. *See also State v.*

*Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551, ¶ 17, and *State v. Perry,* 12th Dist. Butler Nos. CA2011-01-008, CA2011-02-017, 2011-Ohio-3637, ¶ 16 (both holding that the failure to advise defendant of the duration of post-release control at sentencing rendered the post-release control portion of his sentence void).   On remand, the trial court must address the length and nature of post-release control at the sentencing hearing and in its judgment entry.

**{¶ 24}** The second issue relates to the trial court's order that Brewer reimburse law enforcement agencies for "buy money."   We have held that a law enforcement agency cannot be characterized as a victim entitled to restitution as the result of economic harm that arose out of its investigation of an offense.   *State v. Christian,* 2d Dist. Montgomery No. 25256, 2014-Ohio-2672, ¶ 126–129, *vacated on other grounds,* 143 Ohio St.3d 417, 2015-Ohio-3374, 38 N.E.3d 888.   *See also State v. Jones,* 7th Dist. Jefferson Nos. 08 JE 20, 08 JE 29, 2010-Ohio-2704, ¶ 44-47 ("the government or a police department is not a victim merely because they expended funds in order to gather evidence against the offender"), citing *State v. Samuels,* 4th Dist. Washington No. 03CA8, 2003-Ohio-6106, ¶ 5. (Other citation omitted.)   "[W]hen law enforcement initiates the use of its funds to perform a controlled purchase of narcotics during an investigation, such law enforcement is not a victim as contemplated within R.C. 2929.18(A)(1)."   *State v. Ballard*, 12th Dist. Butler No. CA 2014-09-197, 2015-Ohio-2084, ¶ 15.   Thus, ordering a sentenced defendant to reimburse law enforcement expenditures on drug buys is improper, and the trial court should revisit this part of its judgment.

## IV.   Conclusion

**{¶ 25}**   The judgment of the trial court will be reversed, and the matter will be

remanded for resentencing.

. . . . . . . . . . . . .

DONOVAN, P.J., concurs.

WELBAUM, J., dissenting:

{¶ 26} I respectfully dissent from the majority's holding that the record clearly and convincingly does not support the trial court's finding that Brewer's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Brewer.

{¶ 27} I do, however, agree that the information in the record regarding Brewer's criminal history is sparse. The trial court merely noted at the sentencing hearing that Brewer had been to prison before, had previously been convicted of a felony within two years of the instant offense, and had served a prior term of imprisonment. Sentencing Hearing Trans., p. 9, 11. The only other information regarding Brewer's criminal history is contained in the sentencing entry, which provides that: "The defendant has an extensive criminal history that includes numerous felony convictions and prior prison sentence. The defendant has continued to be non-compliant while on bond for the current case." Sentencing Entry (Feb. 16, 2016), Greene County Court of Common Pleas Case No. 2015-CR-506, Docket No. 38, p. 4.

{¶ 28} Nevertheless, when the trial court made its statements regarding Brewer's criminal history during the sentencing hearing, neither Brewer nor his trial counsel refuted that Brewer had a prior felony record or that he had served time in prison. Brewer's failure to object to these statements is itself a part of the record which demonstrates the existence of a criminal history.

{¶ 29} Furthermore, it is well established that appellate courts will make all reasonable presumptions consistent with the record in favor of the validity of the judgment and of the regularity of the proceedings below. *Beach v. Sweeney*, 167 Ohio St. 477, 150 N.E.2d 42 (1958). This regularity is presumed even where the record is ambiguous. *State v. Gilbert*, 2d Dist. Clark No. 2015-CA-117, 2016-Ohio-5539, ¶ 12. Accordingly, because the record does not indicate otherwise, the regularity and validity of the trial court's finding that Brewer had a criminal history that includes numerous felony convictions and a prior prison sentence should be presumed.

{¶ 30} Moreover, in addition to having a felony record for which Brewer served time in prison, the record indicates that Brewer was trafficking in heroin, which the trial court found significant due to the current rise in deaths caused by heroin overdoses. In pleading guilty, Brewer admitted to trafficking heroin on three separate days in various quantities not exceeding five grams with one transaction committed in the vicinity of a juvenile. The record also indicates that these were not isolated incidents, as the confidential informant involved in Brewer's case advised the ACE Task Force that Brewer had previously offered to sell him/her heroin. The record further establishes that Brewer continued to have access to heroin while out on bond, as Brewer tested positive for heroin immediately following his guilty plea, thus violating the conditions of his bond. Brewer also violated the conditions of his bond by failing to seek treatment.

{¶ 31} Although the information in the PSI is sparse, I disagree that there is clear and convincing evidence that the record does not support the trial court's consecutive-sentence findings, as the record does not overwhelmingly support a contrary result. We have previously stated that " 'even a record that is largely silent is not clearly and

convincingly contrary to a trial court's consecutive-sentencing determination unless there is substantial affirmative factual information in support of the defendant to conclude that the trial court is clearly wrong.' " *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 40 (2d Dist.), quoting *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 27 (Hall, J., dissenting). Therefore, "a record that is silent except for the offenses and dates committed, perhaps after pleas without a presentence investigation and with only minimal information concerning the offenses, is sufficient if the trial court made the statutory findings. Under such circumstances, we should not substitute our conclusions for those of the trial court." *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, ¶ 37 (Hall, J., dissenting).

**{¶ 32}** In the instant case, there is no substantial affirmative factual information in the record indicating the trial court's consecutive-sentence findings are wrong; therefore, I would not disturb the trial court's findings on appeal and respectfully dissent from the majority's holding to the contrary.

. . . . . . . . . .

Copies mailed to:

Elizabeth A. Ellis
Nathaniel R. Luken
Enrique G. Rivera-Cereza
Hon. Stephen A. Wolaver