[Cite as *State vs. Compton*, 2018-Ohio-2868.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, J. |
| -vs- | |
| | Case No. CT2018-0004 |
| GARY O. COMPTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:   Criminal Appeal from the Court of Common
                   Pleas, Case No.  CR2017-0282


JUDGMENT:           Affirmed


DATE OF JUDGMENT ENTRY:    July 19, 2018


APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

D. MICHAEL HADDOX       JAMES A. ANZELMO
PROSECUTING ATTORNEY     ANZELMO LAW
GERALD V. ANDERSON II     446 Howland Drive
ASSISTANT PROSECUTOR     Gahanna, Ohio  43230
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, John, P. J.*

{¶1} Defendant-Appellant Gary O. Compton appeals from his convictions, in the Muskingum County Court of Common Pleas, on one count of burglary and one count of motor vehicle theft. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On April 9, 2017, Lonnie Shimer returned to his home near Dresden, Ohio, and discovered a stranger inside his garage. Mr. Shimer gave chase to the man, but he lost track of him. When Shimer returned to his home, he noticed that several items had been removed from the residence and put into the garage. Sheriff deputies investigated and obtained a jacket Shimer discovered at the house, which was later determined to bear traces of appellant's DNA. Security footage from a nearby tavern also helped detectives identify appellant as the man who had run from the scene

{¶3} On April 10, 2017, Richard Cullins, who lives just one mile from Shimer, reported that his 2006 Chrysler minivan had been stolen. The vehicle was later recovered in Glenford, Ohio. A cigarette lighter found at the spot of recovery was analyzed and also found to bear traces of appellant's DNA.

{¶4} On August 23, 2017, appellant was indicted one count of burglary (R.C. 2911.12(A)(2)), a felony of the second degree, and one count of theft of a motor vehicle (R.C. 2913.02), a felony of the fourth degree.

{¶5} On December 11, 2017, appellant appeared before the trial court with appointed counsel and pled guilty to both charges.

{¶6} A sentencing hearing was conducted on December 29, 2017. Appellant told the court he is a heroin user and that his criminal history is due to his habit. After

conducting the hearing and reviewing the pre-sentencing investigation report ("PSI"), the trial court sentenced appellant *inter alia* to seven years for the crime of burglary and twelve months for the crime of motor vehicle theft. These terms were ordered to be served consecutively.

**{¶7}** On January 10, 2018, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶8}** "I. THE TRIAL COURT UNLAWFULLY ORDERED GARY COMPTON TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶9}** "II. GARY COMPTON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

**{¶10}** In his First Assignment of Error, appellant contends the trial court erred and violated his constitutional rights in ordering consecutive sentences for his two offenses. We disagree.

**{¶11}** 2011 Am.Sub.H.B. No. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective in the pre–*Foster* era. *See State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013–Ohio–1179, ¶ 11. The Ohio Supreme Court

has clearly held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus.

{¶12} Furthermore, we no longer review sentences pursuant to the standard set forth in *State v. Kalish,* 120 Ohio St. 3d 23, 2008–Ohio–4912, 896 N.E.2d 124. *See State v. Cox,* 5th Dist. Licking No. 16–CA–80, 2017–Ohio–5550, ¶ 9. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *See State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22. Thus, under R.C. 2953.08(G)(2)(a), we will in this instance consider on appeal whether there is clear and convincing evidence that the record in the case *sub judice* does not support the sentencing court's findings under R.C. 2929.14(C)(4) to impose consecutive sentences. *See State v. Deeb,* 6th Dist. Erie No. E–14–117, 2015–Ohio–2442, ¶ 27. *See, also,* R.C. 2953.08(C)(1).

{¶13} We direct our attention to R.C. 2929.14(C)(4), which provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** In a nutshell, "R.C. 2929.14(C)(4) provides that a trial court may require the offender to serve multiple prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of three facts specified in subdivisions (a), (b), and (c)." *State v. Leet,* 2nd Dist. Montgomery No. 25966, 2015–Ohio–1668, ¶ 15 (internal quotations and brackets omitted).

**{¶15}** In the case *sub judice*, the trial court made written findings in accordance with the language of the first paragraph of R.C. 2929.14(C)(4), *supra*, and also made a written finding under subdivision (c), *i.e.*, that "[t]he Defendant's history of criminal conduct

demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Judgment Entry, January 2, 2018, at 2.

**{¶16}** Similar oral findings were made on the record at sentencing. *See* Sentencing Tr. at 9-10.

**{¶17}** Appellant posits that his offenses were non-violent and thus should be treated as less serious that conduct normally constituting the offenses, pursuant to R.C. 2929.12(C)(3). We note appellant's attorney told the court at sentencing that appellant was mostly looking for clothing and food when he entered the Shimer residence. Sentencing Tr. at 6. Appellant also presently submits that he has expressed remorse (*see* R.C. 2929.12(E)(5)) and that at the time of the Shimer burglary, he was "deathly ill" due to a recent heroin overdose (*see* Sentencing Tr. at 6; R.C. 2929.12(C)(4)). However, the record reveals that appellant herein committed two separate theft-related felonies within a few hours of each other against two victims. According to information in the PSI and presented at the plea hearing, the minivan appellant stole from Mr. Cullins was then found at the scene of suspected breaking and entering incident at a Glenford, Ohio farm. *See* Plea Tr. at 12. Appellant was facing an additional felony charge for marijuana cultivation in Morgan County at the time of sentencing, and he has at least ten prior felonies on his record, including grand theft and receiving stolen property. Sentencing Tr. at 8; PSI at 5. His last known regular employment was working as a meat cutter in 1997. PSI at 3. He was forty-eight years old at sentencing, but he had spent nine of the prior twenty-three years of his life in prison. Sentencing Tr. at 4.

**{¶18}** A presumption of regularity attaches to all trial court proceedings. *See, e.g., Black v. Chiropractic Assocs. of Zanesville, L.L.C.,* 5th Dist. Muskingum No. CT2013–

0012, 2014–Ohio–192, ¶ 20, citing *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. Upon review, we hold the trial court adequately reviewed the matter of consecutive sentences, and we find no clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4) for purposes of imposing consecutive sentences. *See Deeb, supra.*

**{¶19}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶20}** In his Second Assignment of Error, appellant contends he was deprived of his constitutional right to the effective assistance of trial counsel. We disagree.

**{¶21}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

**{¶22}** In the case *sub judice*, appellant maintains that he filed an affidavit of indigency with the trial court and was thereafter appointed defense counsel. He contends that said counsel was subsequently ineffective for failing to request a waiver of court costs on his behalf, based on his indigent status. *See* R.C. 2947.23(C). In support, he cites *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861.

**{¶23}** We recently noted that *Springer* is in conflict with our decision in *State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, and that the present issue has been accepted for review by the Supreme Court of Ohio upon our certification of a conflict. *See State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, ¶ 46. We held in *Ramsey* that "[u]nless a decision is rendered on the issue to the contrary in the future, this Court will continue to abide by its decision in *Davis.*" *Id.*

**{¶24}** Accordingly, in conformity with *Ramsey*, we hold appellant was not deprived of the effective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

{¶25} Appellant's Second Assignment of Error is overruled.

{¶26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Hoffman, J., and

Wise, Earle, J., concur.

JWW/d 0627