[Cite as *State v. Pine*, 2018-Ohio-4889.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0042 |
| ROBERT L. PINE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2017-0093

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 6, 2018

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

GERALD ANDERSON II            ERIC ALLEN
27 North Fifth Street            4605 Morse Road, Suite 201
Box 189            Gahanna, OH 43230
Zanesville, OH 43702

*Gwin, P.J.*

{¶1} Appellant Robert Pine appeals the June 20, 2017 sentencing entry of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On February 3, 2017, a Muskingum County sheriff's deputy was dispatched to the area of Coopermill Road to look for two vehicles that had been reported as driving recklessly and that appeared to be chasing each other. When the deputy arrived in the area, he found an Ohio State Highway Patrolman handling a rollover crash. Witnesses who were following the crashed vehicle stated they first saw the crashed vehicle, a blue 2005 Ford, on Gard Lane. The witnesses further stated that as they were pulling up to the vehicle, the driver attempted to pull away so quickly that he backed into a mailbox and then drove around the vehicle being driven by the witnesses. The witnesses spotted a young female, approximately thirteen years of age, in the vehicle. She was topless and was trying to put her shirt on. The other person the witnesses saw in the car was the driver, a male they described as being in his 40's. The witnesses turned their vehicle around to follow the Ford in hopes of obtaining a license plate number, but stopped following the Ford after it drove off the road several times.

{¶3} A short time later, as the witnesses were driving, they discovered the Ford had crashed. The driver, identified as appellant, was outside the vehicle on his hands and knees wearing only his underwear. The young female, later identified as P.M., with the date of birth of December 12, 2003, was found outside the vehicle. She was putting on a jacket, was not wearing any shoes, was putting on a shirt, did not have a bra on, and was attempting to put on sweatpants.

{¶4} P.M. stated that appellant had taken her out on the secluded road, got into the back seat with her, and had her get naked. Appellant crawled on top of her, began kissing and touching her, and stuck the tip of his penis inside her vagina. Upon being discovered by the witnesses driving down the road, appellant attempted to flee and crashed the car.

{¶5} P.M. suffered broken bones. Appellant indicated he had been drinking beers and smoking marijuana at the time of the accident.

{¶6} On March 1, 2017, appellant was indicted on the following charges: Count One, rape, a first-degree felony in violation of R.C. 2907.02(A)(2); Count Two, aggravated vehicular assault, a second-degree felony in violation of R.C. 2903.08(A)(1)(a); Count Three, aggravated vehicular assault, a third-degree felony in violation of R.C. 2903.08(A)(2)(b); Count Four, OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); and Count 5, OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(j). Appellant was arraigned on March 8, 2017 and entered a plea of not guilty to all charges.

{¶7} The trial court held a change of plea hearing on May 1, 2017. The trial court issued an entry on May 3, 2017 finding appellant's plea to be voluntary, accepting his plea of guilty, finding him guilty of Counts 1 – 5, and ordering a pre-sentencing investigation prior to sentencing. Additionally, the trial court found that Counts Two and Three merge, with appellee electing to sentence under Count Two; and Counts Four and Five merge, with appellee electing to sentence under Count Four. On May 24, 2017, the trial court denied appellant's oral motion to withdraw plea.

{¶8} The trial court held a sentencing hearing on June 12, 2017. At the hearing, the trial court noted that this is appellant's seventh felony conviction and reviewed his prior felony convictions with appellant, including convictions for burglary and theft in 2011, failure to comply with the order of a police officer and vandalism in 2000, theft and burglary in 1999, possession of a controlled substance in 1996, selling/possession of a controlled substance in 1992, and burglary in 1989. Appellant also confirmed that he has had the following misdemeanor convictions: aggravated disorderly conduct in 2009, theft, menacing, and criminal trespass in 2006, obstructing official business, criminal trespass, public indecency, and disorderly conduct in 2000, and taking a vehicle without permission in 1989.

{¶9} At the hearing, the trial court sentenced appellant to eleven years in prison on Count One and eight years in prison on Count Two. The trial court stated that the two prison terms will run consecutively for an aggregate prison sentence of nineteen years, concurrent with the six-month jail sentence for the OVI in Count Four. The trial court stated as follows:

> The Court finds that consecutive sentences are necessary to protect the public and punish the offender and consecutive sentences in this case are not disproportionate to the seriousness of the conduct or the danger posed to the public as evidenced – as evidenced of this sentencing.

> The Court also finds that your history of criminal conduct demonstrates consecutive are necessary to protect the public from future crime by this offender.

{¶10} On June 19, 2017, the trial court held a hearing because there was a question as to whether or not at the prior sentencing hearing the trial court stated mandatory time on Counts One and Two together. Thus, the trial court conducted the hearing to clarify the mandatory time on Counts One and Two. The trial court stated it reviewed the pre-sentence investigation and noted it considered appellant's extensive past record and prior terms of incarceration. With regards to the rape and aggravated vehicular assault in this case, the trial court stated, "I think they are clearly the worst forms of those offenses."

{¶11} The trial court sentenced appellant to eleven years in prison on Count One, eight years on Count Two, and six months in jail on Count Four, running Counts One and Two consecutively to each other and concurrently with Count Four. The trial court stated:

> The Court finds that consecutive sentences are necessary to protect the public and punish the offender, and consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public as evidenced in the sentencing at this time.
>
> The Court also finds that you committed – that at least two multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of your conduct. And more importantly, your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes of the offender.

I will also note for the record, I have received letters from your mother, from yourself, as well as the victim in this matter, and the victim's mother. So Counts 1 and 2 will run consecutive to one another for the reasons stated for an aggregate prison term of 19 years.

{¶12} The trial court issued a sentencing entry on June 20, 2017. The trial court found that Counts One and Two shall be served consecutively to one another and the period of incarceration imposed for Count Four shall be served concurrently to Counts One and Two for an aggregate prison sentence of nineteen years. Further, as to consecutive sentences, the trial court stated in its entry the following:

Pursuant to ORC § 2929.14(C)(4), the Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} Appellant appeals the June 20, 2017 sentencing entry and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE SENTENCES."

{¶15} Appellant argues the trial court erred when it imposed consecutive sentences. We disagree.

{¶16} Under R.C. 2953.08(G)(2)(a), we consider whether there is clear and convincing evidence in the record to support the trial court's findings under R.C. 2929.14(C)(4) to impose consecutive sentences. *State v. Compton*, 5th Dist. Muskingum No. CT2018-0004, 2018-Ohio-2868, citing *State v. Deeb*, 6th Dist. Erie No. E-14-117, 2015-Ohio-2442.

{¶17} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutorily-enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349.

{¶18} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} R.C. 2929.14(C)(4) "provides that a trial court may require the offender to serve multiple prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any one of three facts specified in subdivisions (a), (b), and (c)." *State v. Compton*, 5th Dist. Muskingum No. CT2018-0004, 2018-

Ohio-2868, quoting *State v. Leet*, 2nd Dist. Montgomery No. 25966, 2015-Ohio-1668.

{¶20} In *State v. Bonnell*, the Supreme Court of Ohio held that the trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. The sentencing court is not required to recite a "word-for-word recitation of the language of the statute." *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶21} Appellant argues the record does not support the imposition of consecutive sentences. Specifically, appellant contends that it should not have to be a "scavenger hunt" to tie the statutory words together with the rationale used by the trial court to impose consecutive sentences. We disagree, as we can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings.

{¶22} In the present case, the trial court made written findings in accordance with the language of R.C. 2929.14(C)(4) and subdivisions (b) and (c). Similar oral findings were made on the record at both the hearing on June 12, 2017 and the hearing on June 19, 2017. The trial court specifically stated the rape and aggravated vehicular assault were the worst forms of those offenses. The trial court also noted appellant's extensive past record. Appellant was previously convicted of two separate charges of theft, three separate charges of burglary, failure to comply with the order of a police officer,

vandalism, and two separate charges of possession of a controlled substance. Appellant was also convicted of multiple misdemeanors, including aggravated disorderly conduct, theft, menacing, two separate counts of criminal trespass, obstructing official business, public indecency, disorderly conduct, and taking a vehicle without permission.

{¶23} Based on the foregoing, we find that the trial court's findings for imposing consecutive sentences were supported by the record and the trial court did not err in imposing consecutive sentences.

{¶24} Appellant's assignment of error is overruled.

{¶25} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur