[Cite as *State v. Teeple*, 2025-Ohio-1505.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24CA000034 |
| JOSHUA P. TEEPLE | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of
                             Common Pleas, Case No. 24CR47



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      April 28, 2025



APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MARK A. PERLAKY                     MICHAEL GROH
Assistant Prosecutor                1938 Wheeling Avenue
627 Wheeling Avenue                 Cambridge, OH 43725
Cambridge, OH 43725

*Popham, J.,*

**{¶1}** Defendant-appellant Joshua P. Teeple ("Teeple") appeals the trial judge's imposition of consecutive sentences after his negotiated *Alford* plea in the Guernsey County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On February 27, 2024, the Guernsey County Grand Jury returned an Indictment charging Teeple with one count of rape, victim less than thirteen years old, a first-degree felony in violation of R.C. 2907.02(A)(1)(b) / R.C. 2907.02(B), and two counts of gross sexual imposition, victims less than thirteen years old, third-degree felonies in violation of R.C. 2907.05(A)(4) / R.C. 2907.05(C)(2).

**{¶3}** On April 16, 2024, Teeple filed a written plea of not guilty and not guilty by reason of insanity.

**{¶4}** On May 3, 2024, during a final pretrial hearing, Teeple orally requested a competency evaluation, which the judge granted. *See Entry,* filed May 6, 2024. (Docket Entry Number 47).

**{¶5}** Teeple was evaluated by the Forensic Diagnostic Center of District 9, Inc. on May 14, 2024. The examiner issued a report on May 20, 2024, concluding that Teeple was capable of understanding the nature and objective of the proceedings and of assisting counsel in his defense. A hearing was held on June 4, 2024, at which both parties stipulated to the report. At the conclusion of the hearing the judge found Teeple to be competent to stand trial and unable to sustain a plea of not guilty by reason of insanity. Competency T. at 8. *See also Entry*, filed June 4, 2024. (Docket Entry Number 62).

**{¶6}** On June 10, 2024, the State filed a motion to determine the competency of the minor victims, J.L., b. 07.17.2013 and A.L., b. 06.08.2015. (Docket Entry Number 73). The judge held a hearing on June 24, 2024. At the conclusion of the hearing, the judge found that J.L. was competent to testify at trial but found A.L. incompetent to testify. *Entry* filed June 26, 2024 at 2. (Docket Entry Number 82).

**{¶7}** On September 5, 2024, a Criminal Rule 11(C) and (F) written negotiated plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) was executed by Teeple, his attorney, and the assistant prosecuting attorney.[1] Plea T. at 11 -13; s*ee Judgment Entry*, filed September 9, 2024. (Docket Entry Number 104). In open court, Teeple entered *Alford* pleas to the two counts of sexual imposition, and the State dismissed the rape charge. *Id.* Sentencing was deferred pending the completion of a Presentence Investigation Report ("PSI").

**{¶8}** On October 25, 2024, after reviewing the PSI, the in-court statement of the victims' representative, victim impact statements from the children's mother and both children, the police report, and statements by the State, defense counsel, and Teeple, the judge imposed a sentence of 54 months on each count, consecutive, for an aggregate sentence of 108 months. Sent. T., Oct. 25, 2025.

**{¶9}** The judge subsequently realized he had failed to properly articulate the findings required for the imposition of consecutive sentences. *See Entry* filed October 30, 2024. (Docket Entry Number 111). The judge notified the parties by telephone that, "after reviewing the Sentencing Entry, the Court is desirous of further stating on the record

---

[1] An *Alford* plea is a plea of guilty with a contemporaneous protestation of innocence.

the Court's determination for a consecutive sentence in this case." *Id.* The hearing was set to occur remotely.

{¶10} On November 4, 2024, Teeple and his attorney appeared remotely from separate locations by video. Sent. T., Nov. 4, 2024 at 3-4. The prosecutor and the victims' advocate appeared in person. *Id.* at 5-6. The judge noted that he advised the parties by telephone of the purpose of the hearing. *Id.* at 5. The judge further noted that, although he had made several findings at the original sentencing, he had "not articulated to the level of – to my satisfaction the determination for consecutive sentences." *Id.* at 6.

{¶11} At the November 4, 2024 hearing, the trial judge made the findings required to impose consecutive sentences under R.C. 2929.14(C)(4)(a), (b), and (c). At no point before or during the hearing did Teeple or his attorney object to the proceedings.

{¶12} On November 5, 2024, the Judgment Entry of Sentence was filed. (Docket Entry Number 117).

*Assignment of Error*

{¶13} Teeple raises one assignment of error,

{¶14} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

**Standard of Review**

{¶15} R.C. 2953.08(F) requires appellate courts to review the entire trial court record, including oral or written statements and Presentence Investigation Reports. We review felony sentences under the standard set forth in R.C. 2953.08. *See State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).

**{¶16}** R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, modify, or vacate a sentence and remand for resentencing if it clearly and convincingly finds that the record does not support the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or that the sentence is otherwise contrary to law. *See also State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

**{¶17}** "Contrary to law" means "in violation of statute or legal regulations at a given time." Black's Law Dictionary 328 (6th Ed. 1990); *State v. Jones*, 2020-Ohio-6729, ¶ 34.

**{¶18}** "Clear and convincing evidence" is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), *superseded by statute on other grounds as stated by In re Adoption of T.R.S., 2014-Ohio-3808, ¶¶ 16–17 (7th Dist.), and In re Adoption of A.L.S., 2018-Ohio-507, ¶ 23 (12th Dist.).* "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

**{¶19}** Under *State v. Jones*, 2020-Ohio-6729, ¶ 39, R.C. 2953.08(G)(2)(b) does not authorize appellate courts to modify or vacate a sentence based solely on disagreement with the trial court's weighing of factors under R.C. 2929.11 and 2929.12. *See also State v. Toles,* 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring).

**{¶20}** However, when a trial court imposes a sentence based on considerations extraneous to R.C. 2929.11 and 2929.12, the sentence is contrary to law and reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

**{¶21}** In the present case, Teeple acknowledges that the judge did not make the findings necessary to impose consecutive sentences at the October 25, 2024 sentencing hearing. He concedes, however, that the judge did make those findings at the November 4, 2024 hearing. Teeple argues that the latter hearing, which solely addressed the imposition of consecutive sentences, should have been a new, de novo sentencing hearing.

**Issue for Appellate Review:** *When the judge did not make the necessary findings to impose consecutive sentences at the initial sentencing hearing, was Teeple entitled to a new, de novo sentencing hearing when the judge addressed the omission at a subsequent hearing*

**{¶22}** Under Criminal Rule 32(C) a judgment becomes final when it sets forth the fact of conviction, the sentence, the judge's signature, and the time stamp showing that the clerk entered the judgment in the journal. *State v. Lester*, 2011-Ohio-5204, ¶ 1. Such a judgment "is a final order subject to appeal under R.C. 2505.02." *Id. See also State v. Carlisle*, 2011-Ohio-6553, ¶ 11 (a judgment of conviction is final when it meets each of the requirements of Crim.R. 32(C)). "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 2014-Ohio-4562, ¶ 9. "'Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.'" *Id.* at ¶ 8, *quoting Carlisle*, 2011-Ohio-6553, ¶ 1.

**{¶23}** However, before a sentence is journalized, the court may correct its own sentencing error at a hearing conducted in defendant's presence as contemplated by Crim.R. 43(A). *State v. Jones*, 2011-Ohio-453, ¶ 14 (8th Dist.); *State v. Matthews,* 2011-

Ohio-1265, ¶ 22 (6th Dist.); *State v. Jones*, 1999 WL 155703, * 2 (10th Dist. Mar. 18, 1995).

**{¶24}** Analogously, when an appellate court remands for resentencing due to the improper imposition of consecutive sentences, the hearing is limited to that issue. *See State v. Martin-Williams*, 2015-Ohio-780, * 7 (5th Dist.); see *also State v. Brewer*, 2017-Ohio-119, ¶ 20 (2d Dist.); *State v. Conn*, 2016-Ohio-1001, ¶ 11 (12th Dist.); *State v. Householder*, 2014-Ohio-2455, ¶ 27 (11th Dist.); *State v. Nia,* 2014-Ohio-2527, ¶ 21-22 (8th Dist.).

**{¶25}** Here, the undisputed record shows that a final judgment had not been filed with the clerk of courts before the November 4, 2024 hearing. Teeple and his attorney were notified of the hearing's purpose and were present. Neither objected nor requested a de novo sentencing hearing.

*Conclusion*

**{¶26}** Because a final judgment under Criminal Rule 32(C) had not yet been entered, the judge was permitted to conduct a limited hearing to correct the omission in the imposition of consecutive sentences without holding a full resentencing hearing.[2]

**{¶27}** Teeple's sole assignment of error is overruled.

---

[2] In *State v. Pine*, 2018-Ohio-4889 (5th Dist.), cited by the State, the final judgment in compliance with Criminal Rule 32(C) was not issued until after the court held a hearing to correct the defendant's sentence. *Id.* at ¶¶ 10-12. However, the issue of whether the trial court must conduct a new, de novo sentencing hearing was neither raised by the parties, nor addresses by this Court in that case.

{¶28} The judgment of the Guernsey County Court of Common Pleas is affirmed.


By Popham, J.,

Baldwin, P.J., and

Montogomery, J., concur